UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARY B. WALKER,**
an individual,

Plaintiff,

vs.

CASE NO: 6:10-CV-1443-ORL-18-DAB

**MCL GRAND, INC.,** a Florida corporation, **PIZON CORPORATION d/b/a PICKLES CATERING,** a Florida corporation, **GREGORY M. BERNER,** an individual, and **JOYCE E. BERNER,** an individual,

COMPLAINT

JURY TRIAL AND INJUNCTIVE RELIEF REQUESTED

Defendants.
_____/

ACTION FOR TRADEMARK INFRINGEMENT UNDER
15 U.S.C. §1117, UNDER 15 U.S.C. §1125(a)(1) AND FLORIDA
COMMON LAW; INJUNCTIVE RELIEF AND JURY TRIAL REQUESTED

Plaintiff Mary B. Walker ("Plaintiff") for her complaint against Defendants **MCL GRAND, INC., PIZON CORPORATION d/b/a PICKLES CATERING, GREGORY M. BERNER** and **JOYCE E. BERNER** (collectively "Defendants") states:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Vero Beach, Florida.

2. Upon information and belief, the individual Defendants, Gregory M. Berner and Joyce E. Berner are residents of Orlando, Florida and conduct business in Longwood, Florida.

1

MN0559.DOC

3. Upon information and belief, Defendants MCL Grand, Inc. is a Florida corporation with its principal place of business at 1891 W. State Road 434, Longwood, Florida 32750.

4. Upon information and belief, Defendant Pizon Corporation is a Florida corporation with its principal place of business at 1891 W. State Road, Orlando, Florida 32750.

5. Upon further information and belief, Defendants regularly conduct business within the Orlando Division in this Judicial District.

6. This is an action by Plaintiff against the Defendants seeking damages and injunctive relief for trademark infringement in violation of 15 U.S.C. §§1117 and 1125(a)(1), and the common law of Florida.

7. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a) and (b), and over the parties under 29 U.S.C. §1391(c) and (d). Venue properly lies in this judicial district and division.

### STATEMENT OF FACTS

A. <u>The Adoption and Use of the **CRAVINGS** Marks by Plaintiff</u>

8. In 1983, Plaintiff adopted and is still using in interstate commerce the trademark **CRAVINGS** for, among other things, restaurant services.

9. On January 24, 1989, the United States Commissioner of Patents and Trademarks issued United States Trademark Registration No. 1,522,155 to Plaintiff for her **CRAVINGS** mark.

10. A true and correct copy of United States Trademark Registration No. 1,522,155 is attached hereto as Exhibit 1.

11. By virtue of its long and continued use, Plaintiff's **CRAVINGS** mark has achieved incontestable status pursuant to 15 U.S.C. §1065.

12. In addition to U.S. Registration No. 1,522,155, the United States Trademark Office has issued registrations to Plaintiff for the following marks:

   A. **CRAVINGS** – Registration No. 2,994,188, registered September 13, 2005, in connection with food products and food product marketing (Exhibit 2 hereto);

   B. **CRAVINGS BY MAIL** – Registration No. 1,731,788, registered November 10, 1992, in connection with food mail order services (Exhibit 3 hereto);

   C. **CRAVINGS COOKIES** – Registration No. 3,057,082, registered February 7, 2006 (Exhibit 4 hereto).

13. Plaintiff uses the **CRAVINGS** mark in connection with her restaurant services as evidenced by Exhibit 6 hereto.

14. Plaintiff has also registered the domain name www.cravingsbymail.com for marketing, among other things, its restaurant services to Internet users.

15. A true and correct printout from Plaintiff's web site is attached hereto as Exhibit 5, prominently featuring Plaintiff's **CRAVINGS** mark.

B. <u>The Adoption and Use of **CRAVINGS** Mark by the Defendants</u>

16. Upon information and belief, the Defendants have adopted and are using Plaintiff's **CRAVINGS** mark in interstate commerce for restaurant services.

17. Upon further information and belief, the Defendants market the **CRAVINGS** mark to the consuming public both in print and online.

18. The attached Exhibit 7 is a true and correct copy of a digital photograph of a sign above the Defendants' restaurant using the mark **CRAVINGS**.

19. The Defendants also utilize the subscript "TM" with the infringing **CRAVINGS** mark, deceiving the public into falsely believing that Defendants own trademark rights in Plaintiff's **CRAVINGS** mark.

20. Upon further information and belief, the Defendants have adopted and are using the **CRAVINGS** mark in interstate commerce first did so well after the first use of the **CRAVINGS** mark by Plaintiff.

21. Upon information and belief, the Defendants registered the domain name www.cravingsdining.com on or about September 19, 2009.

22. A true and correct printout of Defendants' website is attached hereto as Exhibit 8.

23. The Defendants include the **CRAVINGS** mark on the www.cravingsdining.com web site and in their domain name to promote their restaurant services.

24. Upon information and belief, the Defendants include on the www.cravingsdining.com web site a digital image of their actual restaurant menu in which the CRAVINGS mark is prominently displayed.

25. A true and correct copy of a printout of the Defendants' menu, as viewed on the www.cravingsdining.com is attached hereto as Exhibit 9.

26. Upon further information and belief, the individual Defendants have directed the infringing activity, controlled the infringing activity and/or profited from the infringing activity.

27. Upon further information and belief, the individual Defendants continue to direct, control and profit from the infringing activity.

28. On numerous occasions, counsel for Plaintiff has informed the Defendants of their infringing activity.

29. A true and correct copy of a letter dated December 15, 2009 from Plaintiff's counsel to Defendant Greg Berner is attached hereto as Exhibit 10.

30. Defendant Berner acknowledged receipt of the letter described in paragraph 31 above and stated that the Defendants would discontinue use of the infringing **CRAVINGS** mark.

31. A true and correct copy of the January 13, 2010 email from Defendant Greg Berner to Plaintiff's counsel is attached hereto as Exhibit 11.

32. After January 13, 2010 the Defendants continued to use the **CRAVINGS** mark in connection with their restaurant services.

33. Counsel for the Defendants notified counsel for Plaintiff that the Defendants would be changing their name to one that did not include the **CRAVINGS** mark.

34. A true and correct copy of the letter dated March 4, 2010 from Defendants' counsel is attached hereto as Exhibit 12.

35. The Defendants have knowingly and willfully infringed Plaintiff's **CRAVINGS** trademark.

36. Upon information and belief, the Defendants continue to knowingly and willfully infringe Plaintiff's **CRAVINGS** trademark.

37. The Defendants will continue to knowingly and willfully infringe Plaintiff's **CRAVINGS** trademark unless first temporarily then permanently enjoined from doing so.

## COUNT ONE
### Action Under 15 U.S.C. §1117 for Trademark Infringement

38. This Count One is an action by Plaintiff for damages and injunctive relief by reason of the infringements by one or more of the Defendants of the **CRAVINGS** mark.

39. Plaintiff here restates and incorporates by reference into this Count One the allegations of ¶¶1-37 above, inclusive.

40. The adoption and use in interstate commerce by the Defendants of Plaintiff's **CRAVINGS** mark for restaurant services marketed through similar channels of commerce as the services of Plaintiff sold under the **CRAVINGS** mark is likely to cause confusion among potential purchasers of products offered by Plaintiff under her **CRAVINGS** mark. The activities of Defendants using or benefiting from the **CRAVINGS** mark thus constitutes trademark infringement under 15 U.S.C. §1117.

41. The actions of Defendants in using the **CRAVINGS** mark as outlined in this Count One is likely to cause Plaintiff irreparable harm unless such infringing activities are preliminarily and then permanently enjoined.

42. Plaintiff is entitled to an award of monetary damages for the infringements outlined in this Count One.

6

## COUNT TWO
### Action Under 15 U.S.C. §1125(a)(1) for Trademark Infringement

43. This Count Two is an action under 15 U.S.C. §1125(a) by Plaintiff for damages and injunctive relief by reason of the infringing use made by one or more Defendants of Plaintiff's **CRAVINGS** mark.

44. Plaintiff here restates and incorporates by reference into this Count Two the allegations of ¶¶1-42.

45. The use by Defendants of the **CRAVINGS** mark constitutes a use in commerce that is likely to cause confusion, or to cause mistake, or to deceive prospective customers for the products of Plaintiff as to an affiliation, connection or association of such Defendants with Plaintiff or her **CRAVINGS** restaurant services, or as to the origin, sponsorship or approval by Plaintiff of Defendants' services and/or goods, all in violation of 15 U.S.C. §1125(a)(1).

46. The actions of Defendants in using or benefiting from the **CRAVINGS** mark as outlined in this Count Two is likely to cause Plaintiff irreparable harm unless such infringing activities are preliminarily and then permanently enjoined.

47. Plaintiff is entitled to an award of monetary damages for the infringements outlined in this Count Two.

## COUNT THREE
### Action for Trademark Infringement Under Florida Common Law

48. This Count Three is an action under the Common Law of Florida by Plaintiff for damages and injunctive relief by reason of the infringements by the Defendants of the **CRAVINGS** mark.

49. Plaintiff here restates and incorporates by reference into this Count Three the allegations of ¶¶1-47 above, inclusive.

50. The infringing activities outlined in Counts One and Two above constitute an actionable infringement under the Common Law of Florida.

51. The actions of the Defendants in using the **CRAVINGS** mark as outlined in this Count Three is likely to cause Plaintiff irreparable harm unless such infringing activities are preliminarily and then permanently enjoined.

52. Plaintiff is entitled to an award of monetary damages for the infringements outlined in this Count Three.

### REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter such orders and judgments as are necessary to provide the following relief:

    a.    A preliminary and then a permanent injunction prohibiting the Defendants or their related entities from using the **CRAVINGS** mark.

    b.    An award of compensatory and exemplary damages to Plaintiff under Counts One, Two and/or Three.

    c.    An award of attorneys' fees and costs incurred by Plaintiff.

    d.    Such other relief as the Court deems appropriate.

MN0559.DOC

Respectfully submitted,

Date: *September 28, 2010*          *[signature]*
                                    Herbert L. Allen
                                    Florida Bar No. 114126
                                    **Gregory B. Allen**
                                    Florida Bar No. 550752
                                    Allen, Dyer, Doppelt, Milbrath &
                                      Gilchrist, P.A.
                                    255 S. Orange Avenue, Suite 1401
                                    Orlando, Florida 32801
                                    Tel.: 407/841-2330
                                    Fax: 407/841-2343
                                    Attorneys for Plaintiff